UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES CLAYTON MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01792-JMS-DML |
| ) | |
| WENDY KNIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff James May, an inmate of the Indiana Department of Correction, filed this lawsuit when he was confined at Correctional Industrial Facility ("CIF") alleging that he was denied access to the restroom in violation of his Eighth Amendment rights.[1] The defendants have moved for summary judgment on Mr. May's claims and Mr. May has responded. For the following reasons, the defendants' motion for summary judgment is **DENIED**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility

---

[1] While the defendants' motion for summary judgment refers to the plaintiff's complaint, dkt. 10, the claims proceeding in this case are those raised in the Amended Complaint, dkt. 57, and identified in the Order Granting Motion to Amend, Screening Amended Complaint, and Directing Further Proceedings. Dkt. 56.

determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572-73 (7th Cir. 2017).

## II.
## Factual Background

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Mr. May was incarcerated at CIF during the time relevant to his claims. Mr. May's cell does not have a toilet or sink and is poorly ventilated. Dkt. 87 ¶ 7.

On June 2, 2020, several inmates at CIF became ill with symptoms similar to those experienced by patients testing positive for COVID-19. Dkt. 81-1 ¶ 4. CIF Deputy Warden Gardner worked with staff to implement a plan to use the E-Dorm at CIF as a quarantine area for all inmates entering the facility. *Id.* ¶ 5. During this time, Mr. May remained in E-dorm where he was segregated from the quarantined inmates. *Id.* ¶ 5. This quarantine period ended in E-dorm on June 27, 2020. *Id*. ¶ 7. During the quarantine period, facility staff had to stagger the times in which quarantined inmates and non-quarantined inmates used the restroom. *Id.* ¶ 9. The defendants assert that allowing quarantined and non-quarantined inmates simultaneous restroom access would have risked infection of healthy inmates, *id.*, while Mr. May asserts that there are other restrooms in the E-dorm that were far enough apart to allow for proper social distancing without staggering restroom times, dkt. 87 ¶ 6. CIF officials decided that quarantined inmates would be allowed to use the restroom every two hours, after the non-quarantined inmates returned to their cells and the restrooms were sanitized. Dkt. 81-1 ¶ 8-9. Mr. May requested to use the restroom on June 5, 2020, when quarantined inmates were out of their cells and was not permitted to do so. Dkt. 81-2 at 1.

In addition to the period in 2020, when inmates at CIF were quarantined because of COVID-19, Mr. May was locked in a poorly-ventilated cell multiple times a day and was not permitted to use the restroom. Dkt. 87 ¶ 3. When custody staff begin letting inmates out of their cells to use the restroom, it sometimes took three to four hours before Mr. May was allowed to use the restroom. *Id.* ¶ 9. Mr. May has had to, on several occasions, relieve himself in a container in his cell with no way to wash his hands or dispose of the waste for long periods of time. *Id.* ¶ 7.

Mr. May spoke with Warden Knight, Assistant Warden Cole, and Major Fox several times about his contention that staff had refused him restroom access. *Id.* ¶ 8.

### III.
### Discussion

A prisoner alleging that he experienced unconstitutional conditions of confinement in violation of his Eighth Amendment rights must show: (1) he experienced a deprivation that was, from an objective standpoint, sufficiently serious that it resulted in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to the deprivation. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (cleaned up).

**A. Conditions of Confinement**

In support of their motion for summary judgment, the defendants argue that Mr. May was not denied the minimal civilized measure of life's necessities. *See id.* 826 F.3d at 1005. Under the Eighth Amendment, adequate food and facilities to wash and use the toilet are among the minimal civilized measure of life's necessities that must be afforded prisoners. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007).

The defendants focus their argument that Mr. May was not denied the minimal civilized measure of life's necessities on the restroom practices in place at CIF in late June of 2020. They argue that, while inmates were quarantined during that time and healthy inmates were not allowed to use the restroom at the same time as quarantined inmates, Mr. May still was regularly offered the chance to use the restroom. But Mr. May disputes the defendants' version of these events, asserting that his ability to use the restroom was still delayed and that there were alternative restroom facilities that non-quarantined inmates could have used even when quarantined inmates

4

were out of their cells. Dkt. 87 ¶ 6. Moreover, Mr. May's claims are broader than just the time in late June of 2020 when inmates were quarantined. *See* dkt. 57 at 6 (alleging generally that "Prisoners are locked in a two man cell for long periods of time, multiple times a day…."). And he testifies he has regularly been locked in his cell for several hours without access to the restroom and on several occasions has had to relieve himself in a container in his poorly ventilated cell with no way to wash his hands or dispose of the waste for long periods of time. Dkt. 87 ¶ 3, 7. A reasonable jury that believed Mr. May's version of these events may conclude that, having been denied access to the restroom, he was denied the minimal civilized nature of life's necessities. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) ("A lack of heat, clothing, or sanitation can violate the Eighth Amendment.") (collecting cases). The defendants therefore are not entitled to summary judgment on this basis.

### B. Qualified Immunity

The defendants also argue that they are entitled to judgment as a matter of law based on qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*. 137 S.Ct. 548, 551 (2017) (citation omitted) (internal quotation marks omitted). "[T]wo central questions must be addressed in the course of determining whether qualified immunity is available: whether the plaintiff has alleged a deprivation of a constitutional right at all, and whether the right at issue was clearly established at the time and under the circumstances presented." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016) (citation omitted).

To make a qualified immunity determination, the Court must "(1) determine whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) if so, determine

whether that right was clearly established at the time of the alleged violation." *Sparing v. Village of Olympia Fields,* 266 F.3d 685, 688 (7th Cir. 2001) (*citing Saucier v. Katz*, 533 U.S. 194 (2001) (citations omitted)). Once the defense is raised, the plaintiff carries the burden of overcomingit. *Sparing*, 266 F.3d at 688 (*citing Spiegel v. Cortese*, 196 F. 3d 717 (7th Cir. 1999)*.* In *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the Supreme Court "held that courts may grant qualified immunity on the ground that a purported right was not 'clearly established' by prior case law, without resolving the often more difficult question whether the purported right exists at all." *Id.* at 227 (*Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

The Court has already determined that Mr. May has sufficiently alleged an Eighth Amendment violation. The Court must therefore determine whether this right was clearly established at the time of the alleged violation. This analysis must follow the Supreme Court's rulings. In this regard, *Mullenix v. Luna,* 577 U.S. 7 (2015), is instructive. The Supreme Court explained:

> A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards,* 566 U.S. ——, ——, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd,* 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).
> "We have repeatedly told courts ... not to define clearly established law at a high level of generality." *al–Kidd, supra,* at 742, 131 S.Ct. 2074. The dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Ibid.* (emphasis added). This inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen,* 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (*per curiam*) (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

*Mullenix*, 136 S. Ct. at 308.

It was well-established at the time of Mr. Mays's allegations that a lack of sanitation can violate the Eighth Amendment. *See Gillis*, 468 F.3d at 493; *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) ("Clearly, prison officials have a responsibility to provide inmates with a minima of shelter, sanitation and utilities – basic necessities of civilized life."); *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987) ("[A] state must provide ... reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities[.]") (internal quotations omitted). While Mr. May has not pointed to a case that is directly on point to this case, existing precedent has put the constitutional question beyond debate. *See Ashcroft,* 563 U.S. at 741. Because Mr. May has submitted evidence that he was denied adequate restroom facilities, sanitation, and ventilation, the defendants are not entitled to summary judgment on their qualified immunity defense.

## IV.
## Conclusion

The defendants' amended motion for summary judgment, dkt. [80], is **DENIED**.

The Court sua sponte reconsiders its denial of Mr. May's motion for assistance with recruiting counsel. That motion, dkt. [26], is now **GRANTED**. The Court will seek to recruit counsel to represent Mr. May for settlement and trial purposes if one is necessary.

Mr. May's motion for status, dkt. [93], is **GRANTED** consistent with this Order. His motion for withdrawal in which he asks the Court to withdraw the referral of this case to the Magistrate Judge, dkt. [94], is **DENIED**. This case has not been referred to the Magistrate Judge for dispositive rulings, including this motion for summary judgment. Further, that motion is based on and Indiana Trial Rule, which is not applicable to this case. The Magistrate Judge may continue to manage pretrial proceedings as appropriate.

**IT IS SO ORDERED.**

Date: 7/18/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES CLAYTON MAY
872483
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Andrew J. Upchurch
OFFICE OF INDIANA ATTORNEY GENERAL
andrew.upchurch@atg.in.gov